Jean E. Faure
Jason T. Holden
Faure Holden Attorneys at Law, P.C.
615 Second Avenue North, Suite 201
P.O. Box 2466
Great Falls, MT 59403
Tel.: 406-452-6500
Fax: 406-452-6503

Matthew T. Collins (*Pro Hac* Counsel)
800 LaSalle Avenue, Suite 1900
Minneapolis, Minnesota 55402
Tel.: 612-359-7600
Fax: 612-359-7602
*Attorneys for Martin Construction, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| CITY OF WOLF POINT, MONTANA, <br>     Plaintiff, <br> vs. <br><br> MARTIN CONSTRUCTION, INC., <br>     Defendant/Third-Party Plaintiff <br><br> vs. <br><br> AerRESEARCH, INC., AerRESEARCH, LLC, and PARSONS ENGINEERED PRODUCTS, INC., <br><br>     Third-Party Defendants/ Counter-Claimants. | Cause No.: CV-10-28-GF-SEH <br><br> **MARTIN CONSTRUCTION, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE* REGARDING FAILURE TO PRESERVE EVIDENCE OR SPOLIATION OF EVIDENCE** |

**INTRODUCTION**

The city of Wolf Point ("Wolf Point") has filed a motion *in limine* effectively seeking discovery sanctions. Motions in limine are not used to seek discovery sanctions; they should be used to exclude evidence. The Court should deny the motion as improper on it face and even consider sanctions for forcing this Court to consider, and Martin Construction to respond to, such a baseless motion.

Even if the Court were to consider the motion, there is no merit to the request by Wolf Point. Wolf Point brings the motion of spoliation based solely on innuendo and speculation. Moreover, Wolf Point makes no showing of how any allegedly spoliated evidence has prejudiced Wolf Point from presenting its case at trial.

Martin Construction requests that the Court deny Wolf Point's motion *in limine* regarding failure to preserve evidence or spoliation of evidence.

**DISCUSSION**

**I.   MOTION *IN LIMINE* LEGAL STANDARD.**

Rather then repeat the legal standard here, Martin Construction respectfully refers the Court to its brief in Opposition to Plaintiff and Third-Party Defendants/Counter-Claimants' Motion *in Limine* to Exclude Parol and Extrinsic Evidence.

## II.   MARTIN CONSTRUCTION HAS NOT SPOLIATED EVIDENCE.

The following passage is the sole basis for Wolf Point's current motion in limine: "Throughout the discovery of this matter, Martin has failed to produce documents regarding certain discovery requests, including job diaries and phone records, … ." (Plaintiff's Motions *In Limine* Regarding Failure to Preserve Evidence or Spoliation of Evidence, p. 2). Attached hereto are two supplemental document productions that Martin Construction served on Wolf Point. (*See* Exhibit A and B.) Also attached are two examples of the phone records and job diaries Martin Construction produced in this matter. (*See* Exhibit C and D.) Wolf Point's argument that Martin Construction did not produce these documents is disingenuous.

In any event, in *Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 -960 (9th Cir. 2006), the Ninth Circuit explained that in any spoliation inquiry, the court must determine whether the allegedly spoliated evidence prejudiced the opposing party: "The prejudice inquiry looks to whether the spoiling party's actions impaired the non-spoiling party's ability to go to trial or threatened to interfere with the rightful decision of the case." *Id.*

Wolf Point's motion simply ignores this required finding of prejudice. Why? Because Martin produced documents to Wolf Point and allegedly not having some of Martin Construction's phone records has nothing to do with the

issues in this case. Wolf Point has not established that Martin Construction spoliated evidence, caused prejudice to Wolf Point, and the motion in limine should be denied.

### A. There Is No Basis For Sanctions.

"There are two sources of authority under which a district court can sanction a party who has despoiled evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who 'fails to obey an order to provide or permit discovery.'" *Leon v. IDX Systems Corp.*, 464 F.3d at 958 (citations omitted).

Wolf Point has never before alleged that Martin Construction spoliated evidence. Wolf Point has never notified Martin Construction that it even believed Martin Construction failed to produce evidence. Wolf Point can neither show that Martin Construction violated a discovery order issued by this Court nor that Martin Construction has engaged in "abusive litigation practices."

Wolf Point spends considerable effort explaining to the Court the holding in *Peschel v. City Of Missoula*, 664 F.Supp.2d 1137 (D. Mont. 2009) (finding dispositive sanctions appropriate when the defendant destroyed a video regarding the principle dispute in the case of "whether or not the on-the-scene officers used unreasonable force, under the existing circumstances, to arrest Peschel. The video

recording which captured the entire sequence of events surrounding the arrest constituted not only relevant evidence, but the best evidence of the circumstances existing at the time of Peschel's arrest, as well as the type and amount of force used to effect his arrest."). *Peschel* is inapplicable on its facts and the law.

In this case, the entire submission of Wolf Point fails to explain how the allegedly spoliated evidence has any relevancy to the issues in this matter or how Martin Construction spoliated "best evidence." Wolf Point's motion is wholly without merit and should be denied.

## **CONCLUSION**

Based on the forgoing, Martin Construction requests that the Court deny Wolf Point's motion *in limine* regarding failure to preserve evidence or spoliation of evidence.

DATED this 11th day of November, 2011.

                                              /s/ Jean Elizabeth Faure
                                         Jean Elizabeth Faure
                                         Faure Holden Attorneys at Law, P.C.
                                         *Attorney for Martin Construction, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2) of the Local Rule of the U.S. District Court for the District Court of Montana, I certify that this brief is printed with a proportionally spaced Times New Roman text typeface of 14 points; is double spaced; and the word count calculated by Microsoft Word, is 736 words, excluding Caption, Signature Block, Certificate of Service and Certificate of Compliance.

          /s/ Jean Elizabeth Faure
          Jean Elizabeth Faure
          Faure Holden Attorneys at Law, P.C.
          *Attorney for Martin Construction, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11 the day of November, 2011, a copy of the foregoing document was served on the following by CM/ECF Filing:

Harlan B. Krogh / Eric Edward Nord
CRIST, KROGH & NORD, LLC
The Securities Building
2708 First Avenue North, Suite 300
Billings, MT 59101

Thomas A. Marra
MARRA, SEXE, EVENSON & BELL, P.C.
P. O. Box 1525
Great Falls, MT 59403-1525

          /s/ Jean Elizabeth Faure
          Jean Elizabeth Faure
          Faure Holden Attorneys at Law, P.C.
          *Attorney for Martin Construction, Inc.*